IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHN W. WOFFORD                                                                                         PLAINTIFF

vs.                                              Civil No. 1:10-cv-01001

MICHAEL J. ASTRUE                                                                                     DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

John W. Wofford ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Harry F. Barnes referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

**1. Background:**

Plaintiff filed an application for DIB on January 9, 2006. (Tr. 16, 78-80, 101). Plaintiff alleged he was disabled due to degenerative disc disease in his lower back, left knee problems, high blood pressure, and diabetes. (Tr. 115). Plaintiff alleged an onset date of November 15, 2005. (Tr. 116). This application was denied initially and again upon reconsideration. (Tr. 39-40). On November 3, 2006, Plaintiff requested an administrative hearing on his application. (Tr. 37).

This hearing request was granted, and a hearing was held on May 16, 2007 in El Dorado, Arkansas. (Tr. 722-745). At this hearing, Plaintiff was present and was represented by counsel, Mary Thomason. *Id.* Plaintiff and Vocational Expert ("VE") Ken Waits testified at this hearing. *Id.* On the date of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had graduated from high school. (Tr. 724-725).

On October 24, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and a period of disability. (Tr. 16-28). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2006. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 15, 2005, his alleged onset date. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments:

> . . . a history of minimal central L5-S1 herniated nucleus pulposus with disc space degenerative change with reports of back pain (August 2005) (Exs. 1F, 2F, 3F,); a history of degenerative joint arthritis of the left knee (February 2005) (Exs. 2F, 3F); a history of left ankle strain (Ex. 3F); a history of hypertension (medically controlled) (Exs. 2F, 3F); a history of new onset diabetes mellitus (medically controlled) (December 2005) (Ex. 2F); a history of major depressive disorder with psychotic features (auditory hallucination) and a history of post traumatic stress disorder (PTSD) (Exs. 2F, 3F, 5F), and a history of intermittent headache (migraine) every four to six weeks (Ex. 3F). (20 CFR 404.1520(c)).

(Tr. 18, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19-21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

2

(Tr. 21-26, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift-carry and/or push-pull up to 20 pounds occasionally and 10 pounds frequently, with the ability to stand and/or walk up to a total of 3 hours in an 8-hour workday and the ability to sit up to a total of 5 hours in an 8-hour workday. The claimant would require an opportunity to alternate between sitting and standing as needed. He would have the ability to occasionally climb, balance, stoop, bend, crouch, kneel and/or crawl. In consideration of the claimant's history of psychologically based symptoms, it is concluded he would be able to perform work where interpersonal contact is incidental to the work performed; the complexity of the tasks is learned and performed by rote with few variables and requiring little individual judgment, and where the supervision required is simple, direct and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 26, Finding 6). The ALJ determined Plaintiff's PRW included work as an industrial truck operator and an institutional cleaner. *Id.* Based upon Plaintiff's RFC, the ALJ found Plaintiff did not retain the ability to perform his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 27-28, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a products assembler with approximately 5,850 such jobs in Arkansas and 340,500 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from November 15, 2005 through the date of the ALJ's decision or through October 24, 2007. (Tr. 28, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 12). *See* 20 C.F.R. § 404.968. On December 9, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 4-6). On January 4, 2010, Plaintiff filed the present appeal. ECF No. 1. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory

diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff filed the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9. Specifically, in his appeal brief, Plaintiff claims the following: (A) the ALJ erred by not fully considering the medical records of the Veteran's Administration ("VA") and the medical records of his treating physician, Dr. Bob Watson; (B) the ALJ failed to properly assess his credibility; and (C) the ALJ improperly relied upon the VE's response to the ALJ's first hypothetical question. *Id.* This Court will address each of these arguments for reversal.

A.     **Consideration of Plaintiff's Medical Records**

Plaintiff claims the ALJ erred by not fully considering the medical records of both his treating physician, Dr. Bob Watson, M.D., and the records of the VA. ECF No. 9 at 6-11. Plaintiff argues that Dr. Watson had treated him since July 13, 2005 for back pain, and the ALJ should have more fully considered his findings regarding his back pain. *Id.* Plaintiff also argues the VA's finding that he was 100% disabled should have also been afforded more weight. *Id.*

After reviewing these arguments, this Court first finds the ALJ did not err in considering the opinions of his treating physician, Dr. Watson. Notably, Plaintiff's alleged onset date is November 15, 2005. (Tr. 116). Dr. Watson only treated Plaintiff from July 13, 2005 through November 7, 2005. (Tr. 127-143). Based upon the transcript, it appears Dr. Watson did not treat Plaintiff after he alleged he became disabled on November 15, 2005. Thus, Dr. Watson's records are not relevant to this determination of disability. Furthermore, even if they were from the relevant time period, Dr. Watson's medical records do not support a determination of disability. Importantly, an MRI from August of 2005 which was ordered by Dr. Watson to assess Plaintiff's back pain showed only minimal central L5-S1 herniated nucleus pulposus with disc space degenerative changes, and no other significant abnormalities.[1] (Tr. 135). Dr. Watson also noted no other findings regarding Plaintiff's back impairment which would indicate Plaintiff was unable to perform a wide range of light work. (Tr. 127-143). Accordingly, this Court finds the ALJ did not err in evaluating the medical records from Dr. Watson.

Plaintiff also argues the ALJ erred by failing to give greater weight to the VA's determination that he was 100% disabled. ECF No. 9 at 7-8. Plaintiff notes that at the time the administrative

---

[1] The ALJ noted this finding in his opinion. (Tr. 23).

6

hearing, the VA had determined he was 60% disabled but, subsequent to the administrative hearing, he was found to be 100% disabled. *Id.* This Court has reviewed the VA's assessment of disability and notes that, subsequent to the administrative hearing in this matter, he was found to be 100% disabled by the VA. (Tr. 720).

However, as an initial matter, is important to note that the disability determination by another federal agency is not binding on the SSA. *See* 20 C.F.R. § 404.1504 (stating that "a determination made by another agency that you [the claimant] are disabled or blind is no binding on us"). The Eighth Circuit has held that an ALJ should consider the VA's finding of disability, but he or she is not bound by the disability rating of another agency. *See Pelkey v. Barnhart,* 433 F.3d 575, 579 (8th Cir. 2006).

Upon review, this Court finds the ALJ properly followed the requirements of this regulation and of *Pelkey.* Specifically, the ALJ thoroughly reviewed the medical records and, after that thorough review, noted the following regarding the VA's disability determination:

> In reaching a conclusion on the issue of disability, the undersigned Administrative Law Judge has also carefully considered determination(s) made by the Department of Veterans Affairs on the issue of disability and/or any disabling conditions. Certainly, any disability findings by other federal agencies are entitled to some weight and must be considered. . . . However, no determination of disability and/or disabling conditions by the Department of Veterans Affairs is binding on the Administrative Law Judge. . . . particularly when, as in the present case, such determinations are found to be unsupported by the evidence as a whole as assessed under the applicable regulations and Agency guidelines within the Social Security Regulations.

(Tr. 26). Accordingly, the ALJ did not err in assessing the VA's determination of disability.

As a final note, Plaintiff references in his briefing additional medical records dated prior to his alleged onset date. ECF No. 9 at 8-11. These medical records primarily relate to his alleged mental disability. *Id.* As noted above, however, medical records predating his alleged onset date are not from the relevant time period. Indeed, Plaintiff does even not claim he became disabled or unable to work until November 15, 2005. (Tr. 116). Thus, his medical records dated from 1978 or early 2005 do not

establish he was disabled on November 15, 2005. Furthermore, the two medical records Plaintiff does reference from the relevant time period merely reflect medication he had been prescribed (Tr. 259) and MRI results. (Tr. 304). The MRI results demonstrate degenerative changes in the SI joints bilaterally as well as "mild" narrowing disc space L5 S1 and biconcave vertebral bodies. Neither of these records indicate Plaintiff is unable to perform the wide range of light work as found by the ALJ. Accordingly, this Court finds the ALJ did not err in assessing the opinions of Dr. Watson and the VA.[2]

### B. Credibility Assessment

Plaintiff claims the ALJ failed to give proper weight to his allegations of pain and failed to properly consider the combined effect of his impairments. ECF No. 9 at 11-13. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the

---

[2] In his briefing regarding his subjective complaints, Plaintiff also referenced a medical record dating back to December of 2005. ECF No. 9 at 13. Plaintiff states he was "notified by the VA to report immediately to the ER after getting the results of some blood work back in December of 2005." *Id.* Plaintiff argues this record supports his claim of disability. *Id.* This Court has reviewed this record and the medical records immediately following Plaintiff's admission to the emergency room. (Tr. 144-158). It appears Plaintiff was admitted for diabetic ketoacidosis. *Id.* After admission, he "progressed well" and received "diabetic education." (Tr. 146). The records also indicate that Plaintiff's condition on discharge was "good." *Id.* This record does not indicate Plaintiff was disabled or unable to perform a wide range of light work due to his diabetes.

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ performed a full and complete *Polaski* analysis. Indeed, the ALJ reviewed the *Polaski* factors, considered Plaintiff's subjective complaints, and then noted the following: (1) Plaintiff's medications were reportedly effective in controlling the symptoms of his hypertension and diabetes with no side effects; (2) Plaintiff provided no probative, objective medical evidence to demonstrate he had ever been advised by any treating or examining physician or psychologist that his symptoms precluded SGA; (3) Plaintiff reported the ability to perform many routine daily activities; and (4) Plaintiff reported as of November 15, 2006 that his energy level,

9

appetite, and sleep remained "good" with current intervention. (Tr. 21-26). Because these are "good" reasons for discounting Plaintiff's subjective complaints, this Court defers to the ALJ's credibility determination on this issue. *See Juszczyk v. Astrue,* 542 F.3d 626, 632 (8th Cir. 2008) (holding that where the ALJ explicitly discredits the claimant and gives good reasons for doing so, his credibility determination is normally entitled to deference).

      C.      **VE's Responses to the ALJ's Hypothetical Questions**

Plaintiff claims the ALJ should have relied upon the VE's response to the ALJ's second hypothetical question, instead of the VE's response to the ALJ's first hypothetical question. ECF No. 9 at 13. Notably, in response to the second hypothetical question wherein the hypothetical person was found to suffer from severe restrictions, the VE testified there were no other jobs that person could perform. ECF No. 9 at 13. Had the ALJ adopted this response, it appears he would have found Plaintiff to be disabled. *Id.* However, instead of relying on the VE's response to the second hypothetical question, the ALJ relied upon the VE's response to the first hypothetical question. (Tr. 27-28, Finding 10). With the first hypothetical question, the VE testified that a hypothetical person with Plaintiff's RFC, age, work experience, and education could perform other work existing in significant numbers in the national economy. (Tr. 743).

In his briefing, Plaintiff does not indicate which portion of the ALJ's first hypothetical question was flawed such that the ALJ could not rely on the VE's response to that question. ECF No. 9 at 13. Indeed, Plaintiff only provides a few lines of argument on this issue. *Id.* Upon review, this Court finds no such flaw. The ALJ used Plaintiff's age, education, and work experience in the hypothetical: "Assume an individual the same age, same education background, same work experience as the claimant." (Tr. 742). Further, the ALJ used the Plaintiff's RFC, which is outlined above, in his hypothetical. *Id.* Also as noted above, the ALJ's RFC determination is supported by substantial

evidence in the record. Accordingly, this Court finds the ALJ did not err in relying upon the VE's response to the ALJ's first hypothetical question in determining Plaintiff was not disabled. *See Pierce v. Apfel,* 173 F.3d 704, 707 (8th Cir. 1999) (holding that testimony from a vocational expert based on a properly-phrased hypothetical question can constitute substantial evidence supporting an ALJ's disability determination).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 16th day of February, 2010.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE